UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Selena R. Roberts

      Plaintiff,

v.

Vanessa Wilson

      Defendant,

_____/

## **COMPLAINT**

COMES NOW the Plaintiff Selena R. Roberts, by and through the undersigned counsel, and hereby sues Defendant Vanessa Wilson and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid minimum wages, overtime, and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff Selena R. Roberts (hereinafter Selena R. Roberts, or Plaintiff) is a resident of Baker County, Florida, within the jurisdiction of the Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Vanessa Wilson (hereinafter Vanessa Wilson or Defendant) is a Baker County resident who employed Plaintiff Selena R. Roberts as a domestic employee. This individual Defendant is a covered employer for purposes of the Act.

<u>General Allegations</u>

4. Defendant Vanessa Wilson employed Plaintiff Selena R. Roberts as a domestic household employee and caregiver for her elderly mother. Defendant's mother lived in her private residence located at 145 West Shuey Avenue, Macclenny, Florida 32063. Defendant Vanessa Wilson owned, managed, maintained, and provided the essentials of daily living such as utilities and food.

5. Plaintiff worked for the family approximately from April 01, 2921, to August 05, 2022, or 70 weeks.

6. At her hiring Plaintiff was promised a payment of $300.00 covering around 30 hours weekly. Plaintiff ended up working 55 hours weekly for the same amount.

7. Plaintiff's main duty consisted in assisting Defendant's mother suffering from a terminal disease.

8. The health conditions of the patient, generated for Plaintiff an extraordinary workload. Plaintiff spent hours repeating activities of

daily living such as dressing, grooming, feeding, bathing, toileting, and cleaning, trying to keep sanitary conditions at the residence.

9.  In addition, Plaintiff cooked for the old lady and the visiting family members and performed routine, regular, and general household work. These personal care, and routine household work, exceeded at large the 20% limit required for a "companionship" exemption.

10. While employed by Defendant, Plaintiff worked 5 days per week. From Monday to Friday, Plaintiff worked from 9:00 AM to 8:00 PM (11 hours daily), or 55 hours weekly. For two weeks before her termination, Plaintiff worked the overnight shift 11 hours daily, or 55 hours weekly.

11. Therefore, during her employment with Defendant, Plaintiff worked a total of 70 weeks with 55 working hours weekly. Plaintiff did not take bonafide lunch-time periods.

12. Plaintiff was paid a total of $300.00, weekly. Plaintiff was paid strictly in cash, without any paystub with information regarding her rate of payment, job classification, hours worked, or employee's taxes withheld, etc.

13. The amount paid to Plaintiff, divided by the number of hours worked during the week, resulted in a wage rate lower than the required minimum wage.

14. During her entire period of employment as a domestic household employee in the private home of Defendant, Plaintiff was not paid minimum wages for every hour worked as established by the fair Labor Standards Act, and she was not paid for overtime hours

15. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

16. Plaintiff did not reside at Defendant's private residence. Plaintiff had her own home. Thus, Plaintiff did not meet the definition to be considered a live-in domestic service employee, as such Plaintiff must be paid at least the minimum wage for all hours worked and overtime pay at the rate of one and a half times her regular rate of pay, for all hours worked over 40 in a workweek.

17. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff did not agree with the payment received every week, and on or about July 29, 2022,  she complained to Defendant Vanessa Wilson.

Plaintiff complained about her wages and the lack of payment for overtime hours.

19. As a result of Plaintiff's complaints, on or about August 05, 2022, Defendant fired Plaintiff.

20. On or about August 12, 2022, Defendant's mother passed away.

21. Plaintiff Selena R. Roberts seeks to recover unpaid minimum and overtime wages accumulated during her entire period of employment with Defendant.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

22. Plaintiff re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff Selena R. Roberts to recover from the Employer Vanessa Wilson unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l) which states:

(l) Employment in domestic service in one or more households
No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section.

24. Title 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

25. At all times relevant to this action, Plaintiff Selena R. Roberts was an employee of Defendant within the meaning of the FLSA 29 U.S.C. §203 (e).

26. At all times relevant to this action, Defendant was Plaintiff's Employer within the meaning of the FLSA 29 U.S.C. §203 (d).

27. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA 29 U.S.C. §203 (g).

28. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

29. Pursuant to 29 USC § 206, at all times relevant to this action, the Employer/Defendant was subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

30. Defendant Vanessa Wilson employed Plaintiff Selena R. Roberts as a domestic household employee and as a caregiver for her elderly mother. Defendant's mother lived in her private residence located at 145 West Shuey Avenue, Macclenny, Florida 32063. Defendant Vanessa Wilson

owed managed, maintained, and provided the essentials of daily living, such as utilities and food.

31. Plaintiff worked for the family approximately from April 01, 2921, to August 05, 2022, or 70 weeks.

32. At her hiring, Plaintiff was promised a payment of $300.00 covering around 30 hours weekly. Plaintiff ended up working 55 hours weekly for the same amount.

33. While employed by Defendant, Plaintiff worked 5 days per week, 11 hours daily, or a total of 55 hours weekly.

34. Plaintiff's main duty consisted in assisting Defendant's mother suffering from a terminal disease.

35. Plaintiff spent hours repeating activities of daily living such as dressing, grooming, feeding, bathing, toileting, and cleaning, trying to keep sanitary conditions at the residence.

36. In addition, Plaintiff cooked for the old lady and the visiting family members and performed routine, regular, and general household work. These personal care, and routine household work, exceeded at large the 20% limit required for a "companionship" exemption.

37. Therefore, during her employment with Defendant, Plaintiff worked a total of 70 weeks with 55 working hours weekly. Plaintiff did not take bonafide lunch-time periods.

38. Plaintiff worked a total of 55 hours weekly. However, Plaintiff did not receive any compensation for overtime hours as required by the Fair Labor Standards Act.

39. Plaintiff was paid a total of $300.00, weekly. Plaintiff was paid strictly in cash, without any paystub with information regarding her rate of payment, job classification, hours worked, or employee's taxes withheld, etc.

40. Plaintiff did not reside at Defendant's private residence. Plaintiff had her own home. Thus, Plaintiff did not meet the definition to be considered a live-in domestic service employee. As such, Plaintiff must be paid overtime pay at the rate of one and a half times her regular rate of pay, for all hours worked over 40 in a workweek.

41. Plaintiff did not clock in and out, but Defendant could track the hours worked by Plaintiff. Defendant had absolute control over Plaintiff's activities.

42. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half her regular rate for every hour that he

worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. Plaintiff was fired on or about August 05, 2022, after complaining about a lack of payment for overtime hours.

44. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to her should be in the possession and custody of Defendant. Nevertheless, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

45. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

47. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of the complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

* Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
** Florida's minimum wage is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Fifteen Thousand Eighty-Three Dollars and 40/00 ($15,083.40)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 70 weeks
Total number of relevant weeks: 70 weeks
Total of hours worked: 55 hours weekly
Total of overtime hours worked: 15 hours
Total of unpaid overtime hours: 15 O/T hours
Paid: $300.00 weekly: 40 hours=$7.50 an hour

**1.- O/T from April 01 to August 31, 2021- 22 weeks**
Relevant weeks:  22 weeks
Total hours worked: 55 hours weekly
Total unpaid O/T hours: 15 hours
Florida Min. wage 2021: $8.65 x 1.5=$12.98
O/T rate: $12.98 an hour

$12.98 x 15 O/T hours =$194.70 wkly x 22 weeks=$4,283.40

**2.- O/T from September 01 to August 05, 2022- 48 weeks**
Relevant weeks: 48 weeks
Total hours worked: 55 hours weekly
Total unpaid O/T hours: 15 hours
Florida Min. wage 2022: $10.00 x 1.5=$15.00
O/T rate: $15.00 an hour

$15.00 x 15 O/T hours =$225.00 wkly x 48 weeks=$10,800.00

Total #1, and #2: $15,083.40

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

The amount represents unpaid overtime wages.

48. At all times, the Employer/Defendant Vanessa Wilson failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

49. Defendant Vanessa Wilson willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages. Plaintiff is entitled to recover double damages.

50. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Selena R. Roberts respectfully requests that the Honorable Court:

A. Enter judgment for Plaintiff and against Defendant Vanessa Wilson based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for

unpaid overtime compensation, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as the Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Selena R. Roberts demands a trial by jury of all issues triable as a right by jury.

## **COUNT II:**
## **FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206**

51. Plaintiff Selena R. Roberts re-adopts every factual allegation stated in paragraphs 1-21 of this complaint, as stated in full herein.

52. This action is brought by Plaintiff Selena R. Roberts to recover from the Employer Vanessa Wilson unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

53. At all times relevant to this action, Plaintiff Selena R. Roberts was an employee of Defendant within the meaning of the FLSA 29 U.S.C. §203 (e).

54. At all times relevant to this action, Defendant was Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

55. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA 29 U.S.C. §203 (g).

56. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

57. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1) at all times relevant to this action, the Employer/Defendant was subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

58. Specifically, Title 29 U.S.C. §206 (f) states:

**Employees in domestic service**
*Any employee —*
*(1)who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [42 U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or*
*(2)who in any workweek —*
*(A)is employed in domestic service in one or more households, and*
*(B)is so employed for more than 8 hours in the aggregate,*

*shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.*

59. And Title 29 U.S.C. §206 (a) (1) states:

> "*Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:*
> *(1) except as otherwise provided in this section, not less than —*
> *(A) $5.85  an hour, beginning on the 60th day after May 25, 2008;*
> *(B) $6.55 an hour, beginning 12 months after that 60th day; and*
> *(C) $7.25 an hour, beginning 24 months after that 60th day.*

60. Defendant Vanessa Wilson employed Plaintiff Selena R. Roberts as a domestic household employee and as a caregiver for her elderly mother. The elderly lived in her private residence located at 145 West Shuey Avenue, Macclenny, Florida 32063. Defendant Vanessa Wilson owned, managed, maintained, and provided the essentials of daily living, such as utilities and food.

61. Plaintiff worked for the family approximately from April 01, 2921, to August 05, 2022, or 70 weeks.

62. While employed by Defendant, Plaintiff worked 5 days per week, 11 hours daily, or a total of 55 hours weekly.

63. Plaintiff's main duty consisted in assisting Defendant's mother suffering from a terminal disease.

64. Plaintiff spent hours repeating activities of daily living such as dressing, grooming, feeding, bathing, toileting, changing diapers, and cleaning, trying to keep sanitary conditions at the residence.

65. In addition, Plaintiff cooked for the old lady and the visiting family members and performed routine, regular, and general household work. These personal care, and routine household work, exceeded at large the 20% limit required for a "companionship" exemption.

66. Therefore, during her employment with Defendant, Plaintiff worked a total of 70 weeks with 55 working hours weekly. Plaintiff did not take bonafide lunch-time periods.

67. Plaintiff was paid a total of $300.00 weekly, which, divided by the number of hours worked, resulted in a regular wage rate lower than the required minimum wage.

68. Plaintiff did not clock in and out, but Defendant could track the hours worked by Plaintiff and had absolute control over Plaintiff's activities.

69. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

70. Plaintiff was fired on or about August 05, 2022, after complaining about a lack of payment for overtime hours.

71. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to her should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

72. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

73. During her time of employment with Defendant, Plaintiff was paid in cash, without any paystub with information regarding her rate of payment, job classification, and hours worked, employee taxes withheld etc.

74. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage rate is higher than Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a.  <u>Total amount of alleged unpaid wages</u>:

Five Thousand Eight Hundred Twelve Dollars and 00/100 ($5,812.00)

b.  <u>Calculation of such wages</u>:

Total weeks of employment: 70 weeks
Total number of relevant weeks: 70 weeks
Total of hours worked: 55 hours weekly

**1.- Min. wage from April 01 to August 31, 2021- 22 weeks**
Relevant weeks:  22 weeks
Total hours worked: 55 hours weekly
Regular rate paid: $7.50 an hour
Florida Min. wage 2021: $8.65 - $7.50 rate paid=$1.15 Min. wage

difference

$1.15 x 40 hours=$46.00 weekly x 22 weeks=$1,012.00

**2.- Min. wage from September 01, 2021, to August 05, 2022
48 weeks**

Relevant weeks:  48 weeks
Total hours worked: 55 hours weekly
Regular rate paid: $7.50 an hour
Florida Min. wage 2021-22: $10.00 - $7.50 rate paid=$2.50 Min.

wage difference

$2.50 x 40 hours=$100.00 weekly x 48 weeks=$4,800.00

Total #1, and #2: $5,812.00

c.  <u>Nature of wages</u>:

This amount represents unpaid Minimum Wages at Florida
Minimum wage rate

75. Plaintiff Selena R. Roberts was not paid minimum wages for the hours and relevant periods specified above. Therefore, Defendant Vanessa Wilson unlawfully failed to pay minimum wages to Plaintiff. Defendant Vanessa Wilson knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff Selena R. Roberts these minimum wages, and Plaintiff is entitled to recover double damages.

76. Defendant Vanessa Wilson willfully and intentionally refused to pay Plaintiff Selena R. Roberts minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages, as set forth above.

77. Plaintiff seeks to recover for minimum wage violations accumulated within her relevant employment.

78. Plaintiff Selena R. Roberts has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Selena R. Roberts respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Selena R. Roberts and against the Defendant Vanessa Wilson based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Selena R. Roberts actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff Selena R. Roberts an equal amount in double damages /liquidated damages; and

D. Award Plaintiff Selena R. Roberts reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Selena R. Roberts demands a trial by jury of all issues triable as a right by jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215**
**(a)(3)  RETALIATORY DISCHARGE**

79. Plaintiff Selena R. Roberts re-adopts every factual allegation stated in paragraphs 1-21 of this complaint as if set out in full herein.

80. At all times relevant to this action, Plaintiff Selena R. Roberts was an employee of Defendant within the meaning of the FLSA 29 U.S.C. §203 (e).

81. At all times relevant to this action, Defendant Vanessa Wilson was Plaintiff's Employer within the meaning of the FLSA 29 U.S.C. §203 (d).

82. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA 29 U.S.C. §203 (g).

83. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

84. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1), the Employer/Defendant was subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

85. Specifically, Plaintiff was protected by the minimum wage, overtime, and anti-retaliatory provisions of the Fair Labor Standards Act.

86. Title 29 U.S.C. §206 (f) states:

**Employees in domestic service**
*Any employee —*

*(1)who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or*
*(2)who in any workweek —*
*(A)is employed in domestic service in one or more households, and*
*(B)is so employed for more than 8 hours in the aggregate,*
*shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.*

87. 29 U.S.C. § 207 (l) states:

*(l) Employment in domestic service in one or more households*
*No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section.*

88. Title 29 U.S.C. § 207 (a)(1) states, "*No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed.*"

89. Likewise, 29 U.S.C. 215(a)(3) states... *it shall be unlawful for any person —*

"*to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......*"

90. Defendant Vanessa Wilson employed Plaintiff Selena R. Roberts as a domestic household employee and caregiver for her elderly mother. Defendant's mother lived in her private residence located at 145 West

Shuey Avenue, Macclenny, Florida 32063. Defendant Vanessa Wilson owned, managed, maintained, and provided the essentials of daily living, such as utilities and food.

91. Plaintiff worked for the family approximately from April 01, 2921, to August 05, 2022, or 70 weeks.

92. At her hiring, Plaintiff was promised a payment of $300.00 covering around 30 hours weekly. Plaintiff ended up working 55 hours weekly for the same amount.

93. Plaintiff's main duty consisted in assisting Defendant's mother suffering from a terminal disease. However, Plaintiff performed personal care, routine household work, and cooking. Plaintiff's duties exceeded at large the 20% limit required for a "companionship" exemption.

94. Plaintiff was entitled to be paid minimum and overtime wages required by the FLSA.

95. While employed by Defendant, Plaintiff worked 5 days per week, 11 hours daily, or 55 hours weekly. Plaintiff did not take bonafide lunch-time periods.

96. Plaintiff was paid a total of $300.00 weekly. This amount, divided by the number of hours worked during the week, resulted in a wage rate lower than the required minimum wage.

97. During her entire period of employment as a domestic household employee in the private home of Defendant, Plaintiff was not paid minimum wages for every hour worked as established by the Fair Labor Standards Act.

98. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

99. Plaintiff did not reside at Defendant's private residence. Plaintiff had her own home. Thus, Plaintiff did not meet the definition to be considered a live-in domestic service employee. As such, Plaintiff must be paid at least the minimum wage for all hours worked and overtime pay at the rate of one and a half times her regular rate of pay for all hours worked over 40 in a workweek.

100. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

101. Plaintiff disagreed with the payment received every week, and on or about July 29, 2022, she complained to Defendant Vanessa Wilson.

Plaintiff complained about her wages and the lack of payment for overtime hours.

102.   This complaint constituted protected activity under the FLSA.

103.   As a result of Plaintiff's complaints, on or about August 05, 2022, Defendant fired Plaintiff.

104.   At the time of her termination, Plaintiff performed and excelled at the essential functions of her position. There was no other reason than retaliation to fire her.

105.   Furthermore, there is closed proximity between Plaintiff's protected activity and her termination.

106.   Defendant willfully and maliciously retaliated against Plaintiff Vanessa Wilson by firing her.

107.   The motivating factor which caused Plaintiff Selena R. Roberts to be fired as described above, was her complaint seeking regular wages from Defendant.  In other words, Plaintiff would not have been fired but for her complaints about minimum wages and unpaid overtime.

108.   Defendant's adverse action against Plaintiff Vanessa Wilson was in direct violation of 29 U.S.C. 215 (a) (3), and, as a direct result, Plaintiff has been damaged.

109. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Selena R. Roberts respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Vanessa Wilson that Plaintiff Selena R. Roberts recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff Selena R. Roberts recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendant Vanessa Wilson to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Selena R. Roberts further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Selena R. Roberts demands a trial by a jury of all

issues triable as a right by jury.

Dated: November 14, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*